FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

01 JUN 25 AM 11: 28

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

ROYAL SURPLUS LINES
INSURANCE COMPANY,

    Plaintiff,

vs.                               Case No. 3:01-cv-301-J-HTS

COACHMAN INDUSTRIES, INC.,
et al.,

    Defendants.

_____

### O R D E R[1]

This cause is before the Court on Defendants' Motion to Dismiss (Doc. #16; Motion), filed on April 23, 2001. Plaintiff has filed opposition directed thereto. *See* Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Doc. #25; Opposition), filed on May 16, 2001.

### Facts and Procedural History

In this diversity action, an insurer is suing its own insureds and other entities in connection with alleged activities related to a previous suit (the *Haan* case) brought by a third party. The *Haan* case ultimately settled, with Royal Surplus Lines Insurance Company (Royal) paying on behalf of Coachmen Industries, Inc. (Coachmen) and Georgie Boy Manufacturing, Inc. (GBM) under two policies issued by Royal. *See* Royal's Complaint Against Coachmen Industries, Inc.;

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. *See* Order of Reference (Doc. #23), entered on May 22, 2001.



GAB Robins North America, Inc. F/K/A GAB Business Services, Inc., Georgie Boy Manufacturing, and Georgie Boy Projects, Inc. and Demand for Jury Trial (Doc. #1; Complaint), filed on March 15, 2001, at 6. Georgie Boy Projects, Inc., was also dismissed from the *Haan* case as a result of Royal's payment. *See id.* Gab Robins North America, Inc., (GAB) was involved as an investigator and administrative service provider to Coachmen. *See id.*

Royal claims Coachmen failed in the *Haan* suit to "conduct a good faith defense." *Id.* at 7. It is alleged Coachmen's failure to keep Royal adequately informed led to passing upon opportunities to settle the dispute for less than Royal ultimately agreed to pay. *See id.* at 8-9. GAB's services, in particular, "were not reasonable and prudent." *Id.* at 8. It is asserted all Defendants failed to keep Royal closely advised of the case despite Royal's request that they do so. *See id.*

Additionally, Royal asserts it had relied upon several of the Defendants to provide notice of the *Haan* claims to another insurance carrier, St. Paul Surplus Lines Insurance Company (St. Paul). *See id.* at 13. It thus contends that if in fact such notice was not provided, these Defendants would be liable to Royal for any amounts paid by Plaintiff to St. Paul. *See id.* at 15. Royal seeks damages and attorneys' fees. *See id.* at 11, 16.

Defendants now move to dismiss the Complaint for failure to state a claim.

## Standard of Review

A court should not dismiss for failure to state a claim, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

> In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff . . . . In seeking dismissal for failure to state a viable claim, a defendant thus bears the "very high burden" of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief.

*Id.* at 735-36 (citations and internal quotation marks omitted).

## Discussion

### A. Count I

In Count I Royal alleges contractual breaches by all Defendants. *See* Complaint at 10; Opposition at 2. According to Plaintiff, Coachmen's obligations to defend with diligence and prudence arose from both the terms of the Self-Insured Retention Policy it had with Royal and from an implied duty of good faith. *See* Complaint at 7. GBM was also a named insured, *see id.* at 5,

but Royal states GB Projects may not have been an insured. *See id.* GAB was not an insured, but was rather hired by Coachmen.

Even assuming the three entities who may have been insureds breached duties to cooperate, act in good faith and/or defend in the *Haan* case, Royal's claims related thereto fail as a matter of law. The traditional remedy in such circumstances is avoidance of coverage or relief of the insurer's duties under a policy; insurers cannot agree to pay pursuant to the policy and later bring a separate claim against the insured for damages. *See generally* 14 Couch on Ins. § 208:4 (3d ed.). While Royal argues it states a claim based on the existence of duties, *see* Opposition at 4, it cites no authority standing for the proposition it may institute a suit such as the present one for a breach of such duties. Nor has the Court found binding authority permitting a suit under analogous circumstances. Accordingly, Coachmen, GBM, and GB Projects to the extent it is alleged to be an insured, will be dismissed from Count I.[2]

---

[2] As to both Counts I and II, Defendants' arguments for dismissal do not directly address the claims against the noninsureds. Plaintiff unequivocally explains in the Opposition it "is not seeking recovery under a subrogation theory." Opposition at 5. That Royal's remedy as to its insureds was to seek relief from any obligation to pay under the policy does not necessarily compel a determination that it has no remedy against third-parties who have breached duties owed to it. For this reason, and not because the Court has come to any conclusion about whether Royal has actually stated claims against the noninsureds, GAB and GB Projects (to the extent it is alleged not to have been an insured) will not be dismissed from the case at this juncture.

**B. Count II**

Royal also claims "Defendants voluntarily undertook an obligation of due care towards [it] in the defense and settlement of the [Haan] case, and that Royal relied upon the Defendants' voluntary undertaking of these obligations." Opposition at 3. As the discussion herein already suggests, Plaintiff cannot maintain such claims against its own insureds. Thus, Coachmen, GBM and GB Projects, to the extent it is alleged to have been an insured, will be dismissed from Count II.

### Conclusion

For the foregoing reasons, the Motion (Doc. #16) is **GRANTED** to the extent Coachmen, GBM and GB Projects, to the extent it is alleged to have been an insured, are **DISMISSED** from the Complaint (Doc. #1). In light of this ruling, Defendants' Motion for Early Pre-Trial Conference (Doc. #29), filed on May 23, 2001, is **DENIED** without prejudice to a further motion if such conference is still desired.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of June, 2001.

HOWARD T. SNYDER
United States Magistrate Judge

Copies to:
Counsel of Record
    and *pro se* parties, if any

F I L E   C O P Y



Date Printed: 06/26/2001

Notice sent to:

   ___   Dennis Joseph Wall, Esq.  
          Law Office of Dennis J. Wall  
          3452 Lake Lynda Dr.  
          Suite 170  
          Orlando, FL  32817-1472

   ___   Charles Cook Howell III, Esq.  
          Howell & O'Neal  
          200 Laura St., Suite 1100  
          Jacksonville, FL  32202

   ___   R. Paul Roecker, Esq.  
          Greenberg Traurig, P.A.  
          111 N. Orange Ave. 20th Floor  
          P.O. Box 4923  
          Orlando, FL  32802

   ___   Hilarie Bass, Esq.  
          Greenberg Traurig, P.A.  
          1221 Brickell Ave.  
          Miami, FL  33131

   ___   Gregory A. Anderson, Esq.  
          Anderson, St. Denis & Glenn  
          One Enterprise Center, Suite 2100  
          225 Water St.  
          Jacksonville, FL  32202-1290

   ___   Brooks C. Rathet, Esq.  
          Anderson, St. Denis & Glenn  
          One Enterprise Center, Suite 2100  
          225 Water St.  
          Jacksonville, FL  32202-1290

   ___   John J. Glenn, Esq.  
          Anderson, St. Denis & Glenn, P.A.  
          4700 NW Boca Raton Blvd., 4th Floor  
          Boca Raton, FL  33431