**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROYAL SURPLUS LINES
INSURANCE COMPANY,

  Plaintiff,

v.           Case No. 3:01-cv-301-J-HTS

COACHMEN INDUSTRIES, INC.,
et al.,

  Defendants.

_____

## O R D E R

This cause is before the Court on the following matters:

1. Plaintiff's Motion for Reconsideration of Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #34; Motion). Defendants oppose the Motion. *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration (Doc. #41; Opposition). Royal Surplus Lines Insurance Company (Royal) requests that the Court reconsider its Order (Doc. #32) dismissing Coachmen Industries, Inc. (Coachmen), Georgie Boy Manufacturing, Inc. (GBM), and Georgie Boy Projects, Inc. (GB Projects), to the extent it is alleged to be an insured, from the action. *See* Order at 5.

"Rule 59(e), Fed.R.Civ.P., gives the court broad discretion to reconsider an order which it has entered." *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331

(M.D. Fla. 1999), *aff'd*, 228 F.3d 414 (11th Cir. 2000). Motions to alter or amend a ruling of the Court must rely on one of the following three grounds: "1) an intervening change in controlling law; 2) the availability of new evidence; or 3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *CSX Transp., Inc. v. City of Pensacola, Fla.*, 936 F. Supp. 885, 889 n.2 (N.D. Fla. 1995); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). In the interest of finality as well as the conservation of scarce judicial resources, reconsideration should be granted sparingly. *See Pa. Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992).

Royal alleges that the Court clearly erred in granting Defendants' Motion to Dismiss (Doc. #16; Motion to Dismiss). *See* Motion at 11. In support of this contention, Plaintiff states it "has articulated claims which are based on contract and tort theories" and "[r]eliance on a 'traditional remedy' of avoidance of coverage as grounds to grant the Motion to Dismiss is misplaced." *Id.* at 2.

In its Order, the Court found that Royal failed to state a claim, based on contract or tort theories, against Coachmen, GBM, and GB Projects as insureds.[1] *See* Order at 4. Royal argues that

---

[1] As the Court noted in its Order, the arguments in the Motion to Dismiss only addressed the claims as they related to Defendants' status as insureds. *See* Order at 4 n.2. Therefore, it did not review the allegations in Royal's Complaint Against Coachmen Industries, Inc.; GAB Robins North America, Inc. f/k/a GAB Business Services, Inc., Georgie Boy Manufacturing, and Georgie Boy Projects,

Defendants violated their duties of good faith and fair dealing, breached their fiduciary duty, and violated their duty of due care. See Motion at 3-4, 9.

While there is case precedent establishing that the duty of good faith and fair dealing is mutual, see N. Am. Van Lines, Inc. v. Lexington Ins. Co., 678 So. 2d 1325, 1331 (Fla. Dist. Ct. App. 1996), "there has been a general and continuing reluctance to hold insureds [liable] under many other theories which do apply to insurers." 14 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 208:3 (3d ed. 1999). In addition, the overwhelming majority of courts have rejected an affirmative action against an insured for bad faith.[2] See, e.g., In re Tutu Water Wells Contamination Litig., 78 F. Supp. 2d 436, 451-55 (D.V.I. 1999) (indicating "that 'reverse bad faith' has not been recognized by any jurisdiction in the United States"); First Bank of Turley v. Fid. & Deposit Ins. Co. of Md., 928 P.2d 298, 308 (Okla. 1996) (stating "that an insured's misperformance of its contractual duty is neither a 'free-standing' ex contractu breach nor a civil harm actionable in tort as an incident of the insurer/insured status." (emphasis

---

Inc. and Demand for Jury Trial (Doc. #1; Complaint) regarding the noninsureds. See id. The Court finds that this was proper and will not consider the arguments raised in the Motion and Opposition that relate to the noninsureds.

[2] The Florida courts have not addressed whether an affirmative claim may be asserted by an insurer against its insured for bad faith. However, the Fourth District Court of Appeal found that an affirmative defense of comparative bad faith is not available. See Nationwide Prop. & Cas. Ins. Co. v. King, 568 So. 2d 990, 990-91 (Fla. Dist. Ct. App. 1990).

omitted)). Moreover, Royal does not point to any authority where an insurer, with knowledge of adverse facts, settled the action and then maintained an affirmative action against the insured for breach of duties based on contract or tort theories.

Royal also asserts that Defendants are not really insureds but primary insurers due to the self-insured retention policy. However, the weight of authority establishes that a self-insured retention policy does not convert an insured into a primary insurer. *See, e.g., Cooper Labs., Inc. v. Int'l Surplus Lines Ins. Co.*, 802 F.2d 667, 675 (3d Cir. 1986); *Diversified Servs., Inc. v. Avila*, 606 So. 2d 364, 366 (Fla. 1992). Furthermore, the Florida Statutes define an insurer as a "person engaged as indemnitor, surety, or contractor in the business of entering into contracts of insurance or of annuity." Fla. Stat. § 624.03 (2001).

In light of the foregoing, the Court finds there is no clear error, manifest injustice, new evidence, or change in controlling law, which would require the Court to grant the Motion. Accordingly, the Motion (Doc. #34) is **DENIED**.

2. Plaintiff's Motion for Leave to File Amended Complaint (Doc. #35; Motion for Leave). Defendants filed opposition in response thereto. *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint (Doc. #40). According to Rule 15(a), Federal Rules of Civil Procedure (Rule(s)), "[a] party may amend the party's pleading once as a

matter of course at any time before a responsive pleading is served." The Motion for Leave was filed on July 11, 2001. On July 17, 2001, the first responsive pleading was served. *See* Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. #37). Therefore, leave of court or written consent of the adverse party is not required to amend the Complaint. Accordingly, the Motion for Leave (Doc. #35) is **DENIED** as **MOOT**, and the Clerk of the Court is directed to file, forthwith, the Amended Complaint attached to the Motion for Leave as Exhibit A.

3. Defendants' Motion to Set Aside the Requirement of Applying for an Order Invoking Court Annexed Arbitration or Court Annexed Mediation (Doc. #44; Motion to Set Aside). Plaintiff does not oppose the Motion to Set Aside. *See id.* at 2. The parties request the requirement that they "apply[] for an order invoking Court annexed arbitration or Court annexed mediation" by October 1, 2001, be set aside, because motions for reconsideration and leave to amend the Complaint are currently pending before the Court. *Id.* at 1-2. The Court resolved the pending motions as detailed above. Therefore, the Motion to Set Aside (Doc. #44) is **DENIED**, but having found good cause, the Court will extend the deadline for applying for Court annexed mediation or Court annexed arbitration until January 15, 2002.

4. Defendants' Motion for Enlargement of Time to File Counterclaim Against Plaintiff Pursuant to Section 624.155

- 5 -

Fla.Stat. (Doc. #46; Motion for Enlargement). Plaintiff opposes the Motion for Enlargement. *See* Plaintiff's, Royal Insurance Company's, Memorandum of Law in Opposition to "Defendants' Motion for Enlargement of Time to File Counterclaim Against Plaintiff Pursuant to Section 624.155 Fla.Stat." (Doc. #47).

The parties agreed in the Case Management Report (Doc. #22; CMR) that "[i]f Plaintiff's Complaint is not dismissed with prejudice before October 15, 2001, Defendants will file a Counterclaim against Plaintiff." CMR ¶ 5(a)(3). On June 22, 2001, the Court entered the Case Management and Scheduling Order (Doc. #31; Case Management Order), which stated "[t]he parties are directed to meet the agreed terms and time limits in the CMR." Case Management Order ¶ 1. Furthermore, it indicated that all subsequent motions to amend pleadings would be disfavored. *See id.* ¶ 3.

Rule 16(b) requires a showing of good cause to extend or modify the deadlines in the Case Management Order. A finding of "good cause" is appropriate only when "the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting Rule 16 advisory committee's note).

In the Motion for Enlargement, Defendants do not allege good cause for the extension, and it is unclear why they could not meet

the deadline established by the Court. Therefore, the Motion for Enlargement (Doc. #46) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of December, 2001.

HOWARD T. SNYDER
United States Magistrate Judge

Copies to:

Counsel of Record
    and pro se parties, if any

Date Printed: 12/19/2001

Notice sent to:

    \_\_\_    Dennis Joseph Wall, Esq.
Law Office of Dennis J. Wall
3452 Lake Lynda Dr.
Suite 170
Orlando, FL  32817-1472

    \_\_\_    Charles Cook Howell III, Esq.
Howell & O'Neal
200 Laura St., Suite 1100
Jacksonville, FL  32202

    \_\_\_    R. Paul Roecker, Esq.
Greenberg Traurig, P.A.
450 N. Orange Ave., Suite 650
P.O. Box 4923
Orlando, FL  32802-4923

    \_\_\_    Hilarie Bass, Esq.
Greenberg Traurig, P.A.
1221 Brickell Ave.
Miami, FL  33131

    \_\_\_    Lisa A. Oonk, Esq.
Butler, Burnette Pappas
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, FL  33607-5946

    \_\_\_    Andrew L. Patten, Esq.
Butler, Burnette Pappas
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, FL  33607-5946

    \_\_\_    Gregory A. Anderson, Esq.
Anderson, St. Denis & Glenn, P.A.
4700 N.W. Boca Raton Blvd., 4th Floor
Boca Raton, FL  33431

    \_\_\_    John J. Glenn, Esq.
Anderson, St. Denis & Glenn, P.A.
4700 NW Boca Raton Blvd., 4th Floor
Boca Raton, FL  33431

    \_\_\_    Brooks C. Rathet, Esq.
Anderson, St. Denis & Glenn
One Enterprise Center, Suite 2100
225 Water St.
Jacksonville, FL  32202-1290