UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION



2003 MAY 20 P 1: 29

ROYAL SURPLUS LINES
INSURANCE COMPANY,

Plaintiff,

v.

Case No. 3:01-cv-301-J-25HTS

COACHMEN INDUSTRIES, INC.,
et al.,

Defendants.

___

COACHMEN INDUSTRIES, INC.,
et al.,

Third Party Plaintiffs,

v.

BAKER & DANIELS, LLP, et al.,

Third Party Defendants.

___

### REPORT AND RECOMMENDATION[1]

This cause is before the Court on Plaintiff's, Royal's, Combined Motion with Memorandum (1) to Dismiss Counts I, II and IV of October 15, 2001 Counterclaim of Defendants, (2) for Summary Judgment on Counts I, II and IV of Counterclaim, and (3) Motion to Strike Certain Claims and Allegations (Doc. #52; Motion). Defendants oppose the Motion. See Defendants' Amended Memorandum

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

of Law in Opposition to Plaintiff Royal Surplus Lines Insurance Company's Combined Motion (1) to Dismiss Counts I, II and IV of October 15, 2001 Counterclaim of Defendants, (2) for Summary Judgment on Counts I, II and IV of Counterclaim, and (3) Motion to Strike Certain Claims and Allegations (Doc. #62; Opposition).

## Facts and Procedural History

The following recitation of the facts is based on the allegations made in Coachmen Industries, Inc., Georgie Boy Manufacturing, Georgie Boy Projects, Inc. and GAB Robins North America, Inc. f/k/a GAB Business Services, Inc.'s Counterclaim (Doc. #45; Counterclaim), which are taken as true and viewed in the light most favorable to Defendants. Royal Surplus Lines Insurance Company (Royal) issued general and umbrella insurance policies in 1995, which insured Coachmen Industries Inc., Georgie Boy Manufacturing (GBM), and Georgie Boy Projects, Inc. (GBP). *See id.* ¶¶ 6, 9. The general insurance policy allowed Royal to assume the defense of any action implicated by the policy. *See id.* ¶ 7. St. Paul Surplus Lines Insurance Company (St. Paul) also issued an excess insurance policy, which covered the same entities and same period of time. *See id.* ¶ 8.

On March 4, 1996, Joyce and Earl Haan were involved in a motor home accident, in which Mr. Haan died and Ms. Haan suffered serious injuries. *See id.* ¶ 10. This accident implicated the insurance

policies. *See id.* Ms. Haan filed a lawsuit in state court. *See id.* During the lawsuit, "Royal never denied coverage or asserted a defense to coverage of the claim made by the Haan's against Coachmen, GBM and GBP. Further, Royal never reserved its right to assert a defense to coverage." *Id.* ¶ 11. The lawsuit was ultimately settled after Plaintiff "took control of the settlement negotiations and eventually decided to voluntarily pay a portion of the . . . settlement demand made upon Coachmen, GBM and GBP pursuant to the . . . insurance policies." *Id.* ¶ 12. Defendants allege Royal had the opportunity to settle for less than the amount ultimately paid and it was "aware of all facts relevant to the Haan's claim." *Id.* At no time prior to the execution of the settlement agreement did Plaintiff reserve its rights to present a coverage defense. *See id.* ¶ 14.

In March 2000, St. Paul sued Royal for contribution, indemnity, and subrogation. *See id.* ¶ 15. That action ultimately settled. *See St. Paul Surplus Lines Ins. Co. v. Royal Surplus Lines Ins. Co.*, Case No. 3:00-cv-251-J-25HTS (Mar. 7, 2000). In March 2001, Royal's Complaint Against Coachmen Industries, Inc.; GAB Robins North America, Inc. f/k/a GAB Business Services, Inc., Georgie Boy Manufacturing, and Georgie Boy Projects, Inc. and Demand for Jury Trial (Doc. #1; Complaint) was filed and amended on January 7, 2002, *see* Amended Complaint (Doc. #78). On October 15,

2001, the Counterclaim was filed against Royal. In the Counterclaim, Defendants allege the following four counts: abuse of process (Count I), breach of contract (Count II), breach of fiduciary duty or common law bad faith (Count III), and breach of the covenant of good faith and fair dealing (Count IV). *See id.* at 5-10.

Plaintiff asserts Counts I, II, and IV should be dismissed for failure to state a claim upon which relief can be granted. *See* Motion at 1. In the alternative, it asserts summary judgment should be granted in its favor on those counts, because there is no genuine issue of material fact with respect to the allegations. *See id.* at 12. It also asks the Court to strike the requests for attorney's fees, punitive damages, and interest and the references to mediation in the Counterclaim. *See id.* at 15-16. Moreover, it contends the claims are frivolous and seeks an award of attorney's fees. *See id.* at 6, 8, 11. The Court need not reach the request for summary judgment, as the claims should be dismissed for failure to state a claim.

### Standard of Review

A court should not dismiss for failure to state a claim, "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim.'" *Beck v. Deloitte & Touche*,

144 F.3d 732, 735 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

> In evaluating the sufficiency of a complaint, a court must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff. . . . In seeking dismissal for failure to state a viable claim, a defendant thus bears the very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief.

*Id.* at 735-36 (citations and internal quotation marks omitted); *see also Sater Group, Inc. v. Divco Constr. Corp.*, No. 2:01 CV610FTM29DNF, 2003 WL 1191212, at *1 (M.D. Fla. Jan. 9, 2003).

## Discussion

### A. Count I

Plaintiff asserts Defendants have failed to state a claim for abuse of process. *See* Motion at 2-6. Defendants contend they have adequately alleged a claim for abuse of process, but if they have not, they request leave to amend the Counterclaim. *See* Opposition at 8.

Abuse of process[2] is "[t]he improper and tortious use of a legitimately issued court process to obtain a result that is either unlawful or beyond the process's scope." *Black's Law Dictionary* 10 (Bryan A. Garner ed., 7th ed. 1999). This cause of action requires

---

[2] In order to prevail on an abuse of process claim, the pleader must show the following: "(1) [there was] an illegal, improper, or perverted use of process; (2) [there was] an ulterior motive or purpose in exercising the illegal, improper or perverted process; and (3) the [pleader] was injured as a result of [the] action." *Hardick v. Homol*, 795 So. 2d 1107, 1111 n.2 (Fla. Dist. Ct. App. 2001).

more than the filing of the complaint and service of process. *McMurray v. U-Haul Co.*, 425 So. 2d 1208, 1209 (Fla. Dist. Ct. App. 1983). The act alleged must "constitute[] misuse of the process after it was issued." *Id.* "[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Bothmann v. Harrington*, 458 So. 2d 1163, 1169 n.8 (Fla. Dist. Ct. App. 1984). In fact, "[t]here is no abuse of process . . . when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose." *Id.* at 1169. "The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it." *Restatement (Second) of Torts* § 682 (1977).

The tort of abuse of process differs from that of malicious prosecution.[3] *See Black's Law Dictionary* at 970 (indicating "malicious prosecution consists in maliciously causing process to be issued, whereas an abuse of process is the employment of legal process for some purpose other than that which it was intended by the law to effect" (internal quotation marks omitted)); *see also*

---

[3] The elements for a malicious prosecution claim are as follows: "(1) a legal proceeding commenced or continued against the plaintiff, (2) the defendant caused or commenced the proceeding, (3) the proceeding had a bona fide termination in plaintiff's favor, (4) there was no probable cause for commencing the proceeding, (5) the defendant acted with malice, and (6) the plaintiff suffered damage." *Hardick*, 795 So. 2d at 1111 n.2.

*Yoder v. Adriatico*, 459 So. 2d 449, 450 (Fla. Dist. Ct. App. 1984). Generally, a malicious prosecution action cannot be brought as a counterclaim when it is "directed against the filing of some or all of the counts in the pending main action." *Cox v. Klein*, 546 So. 2d 120, 122 (Fla. Dist. Ct. App. 1989) (emphasis and internal quotation marks omitted).

The Fourth District Court of Appeal indicated the proper cause of action against a party for filing a frivolous complaint is malicious prosecution. *See Graham-Eckes Palm Beach Acad., Inc. v. Johnson*, 573 So. 2d 1007, 1008 (Fla. Dist. Ct. App. 1991) (per curiam). Indeed, courts have found that a complaint or counterclaim will fail to state a claim for abuse of process when the allegations are only based on the initiation of a frivolous lawsuit, as that is a claim for malicious prosecution and not abuse of process. *See Key Club Assocs., Ltd. P'ship v. Biron*, No. 91-1573-CIV-T-17B, 1992 WL 56797, at *4 (M.D. Fla. Mar. 17, 1992); *Blue v. Weinstein*, 381 So. 2d 308, 311 (Fla. Dist. Ct. App. 1980).

In this case, Defendants have failed to state a claim for abuse of process. They allege the reason Plaintiff filed the instant suit was to extort money from Defendants and require them "to pay an unjust request for monies to Royal." Counterclaim ¶ 22. Further, it is asserted "[t]he action was filed maliciously and willfully and the use of the action for the purposes alleged herein was for a wrongful and unlawful object and an ulterior purpose not

intended by law." *Id.* ¶ 23. While Defendants have adequately alleged that there was an ulterior motive for the filing of the lawsuit, they have failed to assert how the process was used illegally or improperly. Instead, they rely on the fact that "Royal knew or should have known that all theories of liability that it has asserted against the Defendants here have no basis in fact or in law whatsoever." Counterclaim ¶ 24.

However, as previously established, the initiation of a lawsuit, even a frivolous or baseless one, cannot form the basis for a counterclaim in the main action for abuse of process. Defendants have failed to allege how the process of the court was misused. It appears Plaintiff is merely following the process through to its authorized conclusion. There are no allegations in the Counterclaim that Plaintiff has used the process in any way other than for its intended purpose. The claim as alleged in the Counterclaim is one for malicious prosecution and such a claim cannot be properly brought as a counterclaim in the instant suit. As such, Count I should be dismissed without prejudice. Defendants should be given the opportunity to amend so they can attempt to allege a proper claim for abuse of process, if one exists.

Moreover, the undersigned recognizes that there are other avenues Defendants could pursue to combat a frivolous complaint. Defendants could seek sanctions pursuant to Rule 11, Federal Rules of Civil Procedure (Rule(s)), or 28 U.S.C. § 1927. In addition,

they could wait until the main suit has concluded and file an action for malicious prosecution.

B.  **Counts II and IV**

The remaining counts at issue in the Counterclaim seek to recoup damages for Plaintiff's filing of the allegedly frivolous suit. In essence, these claims are also "thinly disguised malicious prosecution claim[s]." *Blue*, 381 So. 2d at 311. Thus, they are not appropriate counterclaims and should also be dismissed. However, the undersigned will briefly address the alleged merits of each claim.

In Count II, Defendants assert a claim for breach of contract. *See* Counterclaim ¶¶ 26-35. They assert Plaintiff has materially breached the insurance contract by filing the instant suit in an attempt to recoup the money it was obligated to pay under the contract. *See id.* ¶ 33; Opposition at 9. There is no allegation as to which specific provision of the contract prohibits Royal from trying to recoup the money paid pursuant to the contract. Instead, Defendants argue in the Opposition and allege in the Counterclaim that Royal had an obligation to make the payment under the contract, it made the payment, and its attempt to recoup the payment is the breach. *See* Counterclaim ¶¶ 33-34; Opposition at 9.

However, the undersigned is not convinced, even taking all of the allegations in the Counterclaim as true, that Defendants have sufficiently alleged a breach of contract claim, as they admit Plaintiff paid as required under the contract. It seems there would not be an actual breach of the contract unless Plaintiff failed to pay as required by the contract. Thus, it is determined Count II should also be dismissed without prejudice for failure to state a claim upon which relief can be granted.

Count IV similarly fails as it is a claim for breach of the covenant of good faith and fair dealing. Defendants allege Plaintiff has breached its duty of good faith and fair dealing "[b]y attempting to wrongfully recoup and/or extort monies through this action from Coachmen, GBM and GBP . . . [and] knowingly, maliciously and/or intentionally act[ing] in its own self-interest at the expense of Coachmen[,] GBM[,] and GBP." Counterclaim ¶ 48. While this claim appears to be a claim for malicious prosecution, which cannot be brought until after the instant suit is resolved, it also fails to state a claim for breach of the duty of good faith and fair dealing.

In order to prevail, there must be "an allegation that an express term of the contract has been breached." *Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc.*, 785 So. 2d 1232, 1234 (Fla. Dist. Ct. App. 2001). In fact, Defendants maintain in the Opposition that "Royal's breach of the covenant of good faith and

fair dealing is predicated upon Royal's breach of the insurance contracts at issue." Opposition at 10. As the breach of contract claim should be dismissed for failure to state a claim upon which relief can be granted, this claim should also fail. Moreover, Defendants have not alleged in the Counterclaim that an express provision of the contract has been breached. Hence, Count IV should also be dismissed without prejudice.

### C. Motion to Strike

In the Motion, Plaintiff asks the Court to strike all claims for attorney's fees, punitive damages, and interest, as well as the references to mediation. *See* Motion at 12-17.

Rule 12(f) establishes the Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) and *Poston v. Am. President Lines Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues,

or otherwise prejudice a party." *Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999).

The only remaining count in the Counterclaim is Count III, which is for breach of fiduciary duty or common law bad faith.[4] *See* Counterclaim ¶¶ 36-43. Plaintiff seeks to strike the claim for attorney's fees, because there is no cognizable claim for such an award. The undersigned is not persuaded that the request for attorney's fees should be stricken, as there is an argument that if Defendants prevailed, they could be awarded attorney's fees pursuant to Fla. Stat. § 627.428.

Similarly, the request for punitive damages in Count III should not be stricken. Royal contends the request for punitive damages should be stricken, because Florida Statute section 768.28 governs and the request for punitive damages is premature. *See* Motion at 13-14. However, that statute is not applicable to this federal diversity action. *See Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999), *vacated, in part, on other grounds*, 204 F.3d 1069, 1072 (11th Cir. 2000). As a result, the request for punitive damages in Count III should be permitted to stand.

---

[4] Plaintiff did not seek to dismiss Count III in the Motion.

Next, Plaintiff seeks to have the request for interest stricken. *See* Motion at 15. However, the request for interest should be permitted to remain, because it does not confuse the issues or prejudice Plaintiff. In addition, even if an award of prejudgment interest were not permitted, Defendants may be entitled to postjudgment interest.

Finally, Royal requests that any reference to mediation in the Counterclaim be stricken as it is "immaterial, impertinent or scandalous." Motion at 16. It further argues that references to mediation are absolutely privileged and prohibited by Florida law. *See id.* at 16-17. Defendants assert the references to mediation should remain as they "have not divulged any confidential information from the mediation and . . . [the references are] not immaterial, impertinent or scandalous." Opposition at 14. In addition, Plaintiff referenced the mediation in the Amended Complaint. *See* Amended Complaint ¶ 33. Consequently, the references to mediation should remain. The Florida statute relied on by Plaintiff prohibits a party from divulging communications made during the mediation conference, not merely the fact that the mediation took place or who was in attendance. *See* Fla. Stat. § 44.102.

Accordingly, the requests for attorney's fees, punitive damages, interest, and references to mediation should not be stricken.

**RECOMMENDATION**

Based on the foregoing, it is recommended the Motion (Doc. #52) be **GRANTED** to the extent Counts I, II, and IV of the Counterclaim (Doc. #45) should be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Defendants should be given an opportunity to amend the Counterclaim. Otherwise, the Motion (Doc. #52) should be **DENIED**.

**ENTERED** at Jacksonville, Florida, this 20th day of May, 2003.

HOWARD T. SNYDER
United States Magistrate Judge

Copies to:

The Honorable Henry Lee Adams, Jr.
United States District Judge

Counsel of Record
and *pro se* parties, if any

FILE COPY

Date Printed: 05/21/2003

Notice sent to:

   ✓   Dennis Joseph Wall, Esq.
Law Office of Dennis J. Wall
COPIES DISTRIBUTED Lynda Dr.
Suite
Orlando, FL 32817-1472

___ Charles Cook Howell III, Esq.
Howell & O'Neal
200 Laura St., Suite 1100
Jacksonville, FL 32202

___ R. Paul Roecker, Esq.
Greenberg Traurig, P.A.
450 N. Orange Ave., Suite 650
P.O. Box 4923
Orlando, FL 32802-4923

___ Hilarie Bass, Esq.
Greenberg Traurig, P.A.
1221 Brickell Ave.
Miami, FL 33131

___ Lisa A. Oonk, Esq.
Butler Pappas Weihmuller Katz Craig LLP
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, FL 33607-5946

___ Andrew L. Patten, Esq.
Butler Pappas Weihmuller Katz Craig LLP
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, FL 33607-5946

___ Gregory A. Anderson, Esq.
Anderson, St. Denis & Glenn
One Enterprise Center, Suite 2100
225 Water St.
Jacksonville, FL 32202-1290

___ Brooks C. Rathet, Esq.
Anderson, St. Denis & Glenn
One Enterprise Center, Suite 2100
225 Water St.
Jacksonville, FL 32202-1290

___ John J. Glenn, Esq.
Anderson, St. Denis & Glenn, P.A.
4700 NW Boca Raton Blvd., 4th Floor
Boca Raton, FL 33431

___ Michael J. Dewberry

Hedrick, Dewberry, Regan & Durant
Bank of America Tower, Suite 1600
50 N. Laura St.
Jacksonville, FL  32202

___  Dana G. Bradford II, Esq.
Smith, Gambrell & Russell, LLP
50 N. Laura St., Suite 2200
Jacksonville, FL  32202

___  David Scott Brecher, Esq.
Smith, Gambrell & Russell, LLP
50 N. Laura St., Suite 2200
Jacksonville, FL  32202