UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROYAL SURPLUS LINES
INSURANCE COMPANY,

   Plaintiff,

v.             Case No. 3:01-cv-301-J-HTS

COACHMEN INDUSTRIES, INC.,
et al.,

   Defendants.
_____

**O R D E R**

  This cause is before the Court on the following matters:

  1. Defendants' Unopposed Motion for Leave to Amend its Previously Filed Memorandum of Law in Opposition to Plaintiff's Motion to Strike the Affidavit of Michael B. Brownlee (Doc. #396; Unopposed Motion). Upon due consideration, the Unopposed Motion (Doc. #396) is **GRANTED** to the extent the Clerk of the Court is directed to file Defendants' Amended Memorandum of Law in Opposition to Plaintiff's Motion to Strike the Affidavit of Michael B. Brownlee, attached to Defendants' Notice of Filing the Correct Exhibit A to Their Motion for Leave to Amend Their Previously Filed Memorandum of Law in Opposition to Plaintiff's Motion to Strike Affidavit of Michael B. Brownlee (Doc. #397).

  2. Defendants' Motion for Summary Judgment (Doc. #378; Motion). The Motion is opposed. *See* Plaintiff's Memorandum in

Opposition to Defendants' Motion for Summary Judgment (Doc. #393; Opposition).[1]

A court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. In making this assessment, we must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party and resolve all reasonable doubts about the facts in favor of the non-movant.

*Fla. Pub. Interest Research Group Citizen Lobby, Inc. v. E.P.A.*, --- F.3d ---, 2004 WL 2212023, at *7 (11th Cir. Oct. 4, 2004) (citations and quotation marks omitted).

Defendants seek summary judgment as to "all remaining Counts asserted against them in Plaintiff's Amended Complaint[.]" Motion at 1. As to the surviving breach of contract claim, they argue, *inter alia*, "the record evidence establishes that Plaintiff waived any and all coverage defenses it had by voluntarily paying the settlement demand . . . after receiving sufficient information to enable it to reserve its right to deny Defendants coverage[.]" *Id.* ¶ 4; *see also* Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment (Doc. #379; Memorandum) at 5, 8, 19-

---

[1] For a general discussion of background information relating to this case, please see the Court's earlier Order (Doc. #186) and Report and Recommendation (Doc. #283).

20.[2]  At the outset, it is observed the Opposition does not dispute that, if Plaintiff had a basis to reserve its rights, its failure to do so resulted in a waiver of its right to seek reimbursement. *See id.* at 15-16 (arguing that because it had no basis to reserve its rights, there is no basis to find it waived its right to seek reimbursement).  Consequently, so far as the breach of contract claim is concerned, summary judgment in favor of Defendants is appropriate if the record evidence referenced by the parties indicates Plaintiff had a basis to reserve its rights such that no genuine issue of fact remains in that regard.[3]

In ruling on whether Plaintiff (Royal) was entitled to summary judgment on the waiver issue, the Court previously determined, based on the record before it at the time, a genuine issue of material fact existed.  *See* Order (Doc. #186) at 58, 60; *see also* Order (Doc. #359) at 4.  Similarly, in considering a motion brought by Defendants, the Court concluded it had not been established Plaintiff knew (or should have known) enough prior to settlement that it could have asserted a reservation of rights.  *See* Order

---

[2]  Because this argument is found persuasive, the Defendants' other contentions related to the breach of contract claim need not be addressed.

[3]  Early in the litigation, Defendants suggested a reservation of rights (at least a unilateral reservation) by Plaintiff would not have been effective if it went on to settle the claim. *See* Defendants' Motion to Dismiss (Doc. #16) at 4-6.  However, the case it cited for the proposition, *Steadfast Ins. Co. v. Sheridan Children's Healthcare Serv., Inc.*, 34 F. Supp. 2d 1364 (S.D. Fla 1998), is easily distinguished.  *See* Order (Doc. #186) at 31-32 n. 1; *cf.* Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Doc. #25) at 7-8 (highlighting the distinguishable facts of *Steadfast*).  Thus, Defendants now argue summary judgment is appropriate "since Royal voluntarily paid the settlement of the Haan Claim *without reserving or otherwise protecting its right to assert a defense to coverage.*"  Memorandum at 19 (capitalization and underlining omitted; emphasis added). Even if a unilateral reservation might not have been enough and Plaintiff should have sought a non-waiver agreement to protect its rights, it is observed there is no indication (or allegation) Plaintiff did that either.

(Doc. #186) at 42-43.  However, the record now contains an explicit admission by Plaintiff's corporate representative that, based on the information obtained prior to settlement, there was indeed sufficient reason to reserve rights.  *See* Videotaped deposition of Richard John Strom (Doc. #382; Strom Deposition) at 92; *see also id.* at 5-7 (corporate representative status); Affidavit of Richard Strom (Doc. #194) at 2 (averring he has been handling Plaintiff's claims for 25 years and "was at all times the person handling the [Haan] claim"); Affidavit of Richard J. Strom in Support of Royal's Emergency Motion for Protective Order Regarding the Deposition of Royal's Corporate Representative (Doc. #363) ("I have agreed to testify as the corporate representative of the Plaintiff . . . ."). This is consistent with a proper view of the law.[4]

A reservation of rights is warranted where an insurer perceives the potential for a defense to coverage.  *See, e.g., Britamco Underwriters, Inc. v. Central Jersey Invs., Inc.*, 632 So. 2d 138, 141 (Fla. Dist. Ct. App. 1994) (reservation of rights encouraged when there exists a coverage "question" or "issue"); *Leader Nat'l Ins. Co. v. Eaton*, 696 N.E.2d 236, 239 (Ohio Dist. Ct. App. 1997) ("Payment of a claim . . . with knowledge of a *potential* defense against coverage and without any reservation of rights, waives the defense.") (emphasis added).  Thus, an insurer is not entitled to neglect reserving its rights on grounds it does not yet have clear proof that a coverage defense exists.  "By reserving its rights, the company is merely putting the insured on notice of

---

[4] To the extent the Court may have seemed previously to suggest a reservation of rights must await the discovery of evidence fully establishing a defense to coverage, the Court wishes to state clearly that such is not the case.

those defenses that it believes might ultimately serve to reduce or eliminate its duty to indemnify." Allan D. Windt, Insurance Claims & Disputes § 2.15 (4th ed.).

As the record stands, there is no genuine issue of fact pertaining to whether Plaintiff could have reserved its rights. Plaintiff did not need conclusive or direct proof of concealment to recognize a clear potential for a defense based on concealment. Indeed, Plaintiff itself acknowledges that even at the stage of establishing the defense at trial "intent to defraud is provable by circumstantial evidence." Opposition at 2. Plaintiff's assertion it did not have enough information to "reserve rights before the Haan case was settled[,]" *id.* at 14; *see also id.* at 15 (Plaintiff "could not know it might have had" a defense), plainly conflicts with the sworn deposition testimony of its own corporate representative. The present record undeniably demonstrates Plaintiff knew or "should have known about the coverage defense[,]" Order (Doc. #186) at 42, to the extent necessary for asserting a reservation of rights.

Plaintiff cannot introduce a genuine issue of fact merely by reference to the Defendants' position that no breach occurred. The relevant question, as indicated, is not whether Plaintiff had positive proof of a defense to coverage but whether Plaintiff was aware of the potential for a defense. Even if there is a substantial dispute about whether the alleged concealment actually occurred, it is apparent there is no genuine dispute about whether Royal knew or should have known, by the time it elected to settle the *Haan* case, of the potential for a defense to coverage. As Mr. Strom admits, the information available to him before settlement

suggested concealment.  *See* Strom Deposition at 92.  As Mr. Strom admits, there was thus "a reason to reserve." *Id.*  Plaintiff has referenced no evidence that can plausibly be viewed as overcoming this testimony and the information upon which it rests.[5]

In light of the foregoing, no correctly instructed jury could reasonably find Royal was unaware of a potential concealment-based defense to coverage when it settled the *Haan* case.[6]  Thus, the Motion will be granted as to the breach of contract count.

The other remaining allegation in the Amended Complaint (Doc. #78) is founded on a suggestion that "notice was not provided to St. Paul Surplus" of the Haan case in 1997, as "Royal had a right to expect[.]" *Id.* ¶ 58.  Defendants argue summary judgment should be granted in their favor on this issue.  *See* Motion ¶ 3; Memorandum at 18.  In support, they point to the Affidavit of Richard S. Bowers (Bowers Affidavit), attached to the Notice of Filing Affidavit of Richard S. Bowers (Doc. #376), and the testimony of Mr. Strom.  *See* Memorandum at 18.  Mr. Bowers, who represents he was Coachmen's "Vice President-Legal and then . . . Assistant Vice-President-Legal[,]" Bowers Affidavit ¶ 1, avers he sent a copy of a letter giving notice of the Haan lawsuit to St. Paul Surplus in October 1997. *See id*. ¶ 3.  Further, Mr. Strom indicates that to the best of his knowledge St. Paul Surplus *was* given notice.  *See*  Deposition of Richard Strom (Doc. #331) at 179.

---

[5] The Court has already stated, in the absence of Mr. Strom's recent testimony and in the context of denying Plaintiff's Renewed Motions for Summary Judgment (Doc. #286), "there are facts to support a finding that Plaintiff should have known of the concealment prior to the settlement." Order (Doc. #359) at 4 (referencing the Order (Doc. #186) at 58-60).

[6] It is noted Plaintiff makes no claim in the Opposition that Mr. Strom's testimony would be inadmissable at trial.

The burden of showing the existence of a genuine issue of fact, then, shifts to Plaintiff, which responds by referring to an "earlier filed Motion for Summary Judgment." Opposition at 16. Plaintiff does not identify the specific motion to which it alludes. *Cf.* Order (Doc. #359) at 5 (observing Royal had been denied summary judgment previously because it "had not propounded any evidence relating to the St. Paul allegation and failed to mention it in its papers") (internal quotation marks and alteration omitted). The Court has looked through Royal's summary judgment motions, yet it has not found significant information therein relating to the notice issue. Moreover, in its Opposition Plaintiff fails to cite any evidence of record that would indicate Defendants negligently failed to give notice, or even that notice was not in fact provided to St. Paul Surplus in 1997. Plaintiff merely argues, "Defendants adduce no evidence to show they were not negligent." *Id.* However, it cites no authority for the implied proposition Defendants bear a burden of showing, in the absence of evidence they *were* negligent, that they were *not* negligent. It seems a matter of common legal sense that Plaintiff, to the extent it is alleging negligence, bears the burden of proving it.

Plaintiff's failure to point to any evidence supporting its allegation is fatal. The Rules of Civil Procedure "mandate[] the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an [essential] element . . . on which that party will bear the burden of proof at trial." *Schmelz v. Monroe County,* 954 F.2d 1540, 1543 (11th Cir. 1992) (per curiam) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

Accordingly, the Motion (Doc. #378) is **GRANTED** to the extent summary judgment shall be entered in favor of Defendants as to all remaining claims asserted in the Amended Complaint (Doc. #78).

3. The requests for oral argument contained in the Motion (Doc. #378) and Opposition (Doc. #393), which are **DENIED**.

4. Plaintiff's Motion for Partial Summary Judgment Against Defendants Georgie Boy and Coachmen: Breach of Contract by Concealment (Doc. #373), which is **DENIED** in light of paragraph 2. The request for oral argument contained therein is also **DENIED**.

5. Defendants' Request for Judicial Notice (Doc. #383), which is **DENIED** as **MOOT** in light of paragraph 2.

6. Plaintiff's-Counterdefendant's Motion to Strike Testimony Communicated at Court-Ordered Mediation, and Parts of the Affidavit of Richard S. Bowers Dated July 29, 2004 (Doc. #387), which is **DENIED.**

7. Plaintiff Royal Surplus Lines Insurance Company's Motion to Strike Affidavit of Michael B. Brownlee [and] Request for Sanctions (Doc. #391), which is **DENIED.**

8. Plaintiff's, Royal's, Combined Motion (1) to Dismiss All Counts of June 25, 2004 Amended Counterclaim of Defendants, [(Doc. #366; Motion to Dismiss)] (2) for Summary Judgment on Counts I, III, IV and V of Amended Counterclaim, [(Doc. #367; Motion for Summary Judgment)] and (3) Motion to Strike Certain Claims and Allegations (Doc. #368; Motion to Strike). Defendants have responded thereto. *See* Defendants' Memorandum of Law in Opposition to Plaintiff's, Royal's, Combined Motions (1) to Dismiss All Counts of June 25, 2004 Amended Counterclaim of Defendants, (2) for

Summary Judgment on Counts I, III, I[V], and V of Amended Counterclaim, and (3) Motion to Strike Certain Claims and Allegations (Doc. #374; Memorandum in Opposition). Defendants have also moved, in the alternative, for leave to amend their already amended counterclaim. *See* Motion for Leave to Amend Counterclaim (Doc. #375; Motion for Leave). Plaintiff opposes the Motion for Leave. *See* Plaintiff's-Counterdefendant's Memorandum in Opposition to Counterplaintiffs' August 5, 2004 Motion for Leave to Amend Their Counterclaim (Doc. #388; Opposition to Leave). The Court will address these interrelated motions together.

### A. Count I: Breach of Contract

As the Court previously determined, the breach of contract count is a "'thinly disguised malicious prosecution claim[.]'" Report and Recommendation (Doc. #283; R and R) at 9 (quoting *Blue v. Weinstein*, 381 So. 2d 308, 311 (Fla. Dist. Ct. App. 1980)); *see also* Order (Doc. #358) at 2 (adopting the R and R); *cf. Ford Motor Co. v. Obsolete Ford Parts, Inc.*, 318 F. Supp. 2d 516, 519 (E.D. Mich. 2004) (counterclaim alleging that Plaintiff's litigating breached duties to act in good faith and deal fairly "fit more appropriately into the rubric of malicious prosecution"). "[T]here would not be an actual breach of the contract unless Plaintiff failed to pay as required by the contract." R and R at 10.

Defendants have added rhetoric to the breach of contract count terming the insurer's payment "illusory" due to its later actions in suing for reimbursement. Amended Counterclaim (Doc. #360;

Counterclaim) ¶ 30.[7] They also cite a provision of the contract that they represent states the insurer would "pay those sums that the insured becomes legally obligated to pay . . . ." *Id.* ¶ 31. When the Court observed Defendants' lack of an "allegation as to which specific provision of the contract prohibits Royal from trying to recoup the money paid pursuant to the contract[,]" R and R at 9, it did not envision such a deficiency could be remedied by reference to a general promise to make payment pursuant to the policy. As there has been no meaningful amendment to this count, it must be seen to fail for the same reasons articulated in the R and R.

**B. Count III: Covenant of Good Faith and Fair Dealing**

The only significant change to this count, besides deletion of Georgie Boy Projects, Inc. (GBP) as a party, is the addition of a statement that Royal's conduct breached its duty of good faith and fair dealing since it amounted to a breach of contract "as stated . . . in Count I." Counterclaim ¶ 52. Since the amendment rests on the vitality of the breach of contract count, and that count is due to be dismissed, Count III will also be dismissed. *See* R and R at 10-11 (setting out reasons for dismissing the count when it did not reference any other alleged breach of contract); *id*. at 9 (referring to the count as a disguised claim for malicious prosecution and quoting *Blue*, 381 So. 2d at 311).

---

[7] Indeed, Defendants claim in part that by bringing the current action Plaintiff is attempting "to wrongfully recoup an[d]/or extort monies" from them. Counterclaim ¶ 30. In declaring the allegations of Count I are frivolous Plaintiff explains Defendants' "gripe with Royal is not that Royal paid the Haan claim, but rather that Royal filed this lawsuit against" them. Motion to Dismiss at 4.

**C. Counts IV and V: Fraud and Negligent Misrepresentation**

These are new counts not appearing in the original Counterclaim (Doc. #45; Original Counterclaim). When the Court dismissed certain counts without prejudice to amendment, it was intending to authorize amendments only of the dismissed counts.[8] Now, years after the Original Counterclaim was filed, and shortly before the close of the last extended period of discovery, Defendants have attempted to raise additional claims. Perhaps realizing the impropriety, they then moved (one day prior to the dispositive motion deadline) for leave to assert the new counts. *See* Motion for Leave. Since adding the claims without leave to amend was plainly improper, the Court will strike them unless it determines the Motion for Leave is due to be granted.

Several Case Management and Scheduling Orders (Docs. ##31, 207, 278, 327; CMSO's) have entered and indicated all motions to amend pleadings thereafter would be disfavored. The CMSO's did not set a specific deadline for the parties to file amended pleadings. Under these circumstances, the standard for amendments set forth in Rule 15(a), Federal Rules of Civil Procedure (Rule(s)), applies. *See Perez v. Pavex Corp.*, No. 801CV0069T27MSS, 2002 WL 31500404, at *1 (M.D. Fla. Oct. 18, 2002).

In determining whether to grant or deny a motion to amend under Rule 15, the court may consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[8] To the extent the Court's earlier Order was not sufficiently clear, it is hereby clarified no leave was being given to add new counts. Even had the Court explicitly appeared to grant leave to add new counts (relief that had not been requested), it would vacate such an order. *See, e.g., Paugh v. R.J. Reynolds Tobacco Co.*, 834 F. Supp. 228, 229 (N.D. Ohio 1993).

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004); *Technical Resource Servs. v. Dornier Med. Sys.,* 134 F.3d 1458, 1463 (11th Cir. 1998).

The delay here has been quite lengthy, and Defendants have offered no justification for it. They "do not argue that the amendments reflect facts which they did not know when they filed their prior pleadings[.]" *Fla. Evergreen Foliage v. E.I. Dupont de Nemours and Co.*, 336 F. Supp. 2d 1239, 1255 (S.D. Fla. July 26, 2004). Under the circumstances, the delay must be considered "undue." "Consistent with Foman's recognition that leave to amend can be denied for 'undue delay,' the Eleventh Circuit has upheld decisions by district courts denying leave to amend when the movant did not show good cause for a significant delay." *Id.* at 1254 (citing *Maynard v. Bd. of Regents of the Div. of Universities of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). Moreover, the potential for undue prejudice is clear. Discovery is closed and the case is set for trial in January. If the new claims are allowed, Plaintiff will have had neither the chance to conduct adequate discovery nor a sufficient "opportunity to file dispositive motions against the . . . allegations." Opposition to Leave at 5; *see also id.* at 6.

Plaintiff also argues the new counts are barred by the applicable statute of limitations, as the amendments do not relate back to the date of the Original Counterclaim pursuant to Rule 15(c)(2). *See* Motion to Dismiss at 10 (citing four-year statute of limitations set out in Fla. Stat. § 95.11(j)). Motions to dismiss cannot successfully invoke a statute of limitations defense unless the pleading "affirmatively shows the conclusive applicability of such defense to bar the action." *Simon v. Celebration Co.*, --- So. 2d, 2004 WL 1232762, at *3 (Fla. Dist. Ct. App. June 4, 2004) (citation and internal quotation marks omitted).

Count IV, which alleges Plaintiff fraudulently induced Defendants "to enter into the insurance contract . . . intend[ing] to impose additional responsibilities . . . beyond the terms of the insurance policy[,]" Counterclaim ¶ 60, apparently hinges upon Defendants' interpretation of Royal's action in bringing suit. The same observation applies equally to Count V. *See id.* ¶ 67 (alleging Plaintiff deceived Defendants "by negligently failing to notify [them it] intended to impose additional responsibilities . . . beyond the terms of the insurance policy"). Thus, Defendants' theory seems to have arisen in reaction to the present lawsuit. *Cf.* Memorandum in Opposition at 6 ("[H]ad Plaintiff not sued Defendants[, they] would have never been aware of the true fraudulent intent of Plaintiff . . . ."). Plaintiff does not argue that the Counterclaim demonstrates Defendants knew or should have known, prior to the lawsuit's inception, of the alleged facts giving rise to the counts. As the suit was instituted less than four years prior to the Motion for Leave, the cited statute of limitations has not been shown to bar the

amendments whether or not they relate back to the filing date of the Original Counterclaim.

Further, Plaintiff contends the counts fail to state claims upon which relief can be granted. *See* Motion to Dismiss at 11-13. Under Florida law,

> The elements of an action for fraud in the inducement . . . are (1) misrepresentation of a material fact, (2) by someone who knew or should have known of the statement's falsity, (3) with intent that the representation would induce another to rely and act on it, and (4) injury suffered in justifiable reliance on the representation.

*Fla. Evergreen Foliage*, 336 F. Supp. 2d at 1284 (citation omitted); *see also Simon*, --- So. 2d, 2004 WL 1232762, at *4. To state a cause of action for negligent misrepresentation, a party needs to

> allege in his complaint that: (1) the [opposing party] made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the [opposing party] was negligent in making the statement because he should have known the representation was false; (3) the [opposing party] intended to induce the [party] to rely . . . on the misrepresentation; and (4) injury resulted to the [party] acting in justifiable reliance upon the misrepresentation.

*Simon*, --- So. 2d, 2004 WL 1232762, at * 4.

Plaintiff argues Defendants have failed to allege, in relation to both counts, that it misrepresented a material fact. *See* Motion to Dismiss at 11-12. It maintains the other necessary allegations for the causes of action have likewise been omitted and facts have not been stated with the requisite particularity. *See id.* at 11-13. Remarkably, Defendants have not responded to these arguments. As the Motion to Dismiss stands unopposed in this respect, the Court might justifiably grant it as to Counts IV and V on that basis alone. The formal insufficiency of a pleading is not

typically a favored ground for disposing of it, with prejudice, the first time it is filed, see, e.g. Brantley v. District Director, No. 3:00-CV-300-J-21-TJC, 2001 WL 1807625, at *6 (M.D. Fla. Dec. 10, 2001), but it is noted the counterclaim under consideration is an amended instrument. Nevertheless, as this is the first time Defendants have attempted to allege the particular claims now under consideration, it is emphasized the primary factors bearing on the Court's decision as to Counts IV and V are the undue delay and prejudice discussed above. These two factors are, together, sufficient to warrant denial of the Motion to Amend.

Having applied the relevant standard, the Court concludes the Motion to Amend should be denied in relation to Counts IV and V, which will be stricken (with prejudice) from the Counterclaim.

**D. Count II: Breach of Fiduciary Duty / Bad Faith**

The count alleging breach of fiduciary duty / bad faith, previously Count III, was the only one left undisturbed by the R and R. See R and R at 12. Plaintiff had not sought dismissal of this claim. See id. at 12 n.4. As noted above, leave to amend was permitted only in relation to the dismissed counts. Nevertheless, Defendants have amended their current Count II.

Defendants have deleted GBP as a counterplaintiff. They have also added language and changed some wording. Some changes are clearly inconsequential, such as rephrasing "as insureds of Royal[,]" Original Counterclaim ¶ 39, to read "as Royal's insureds." Counterclaim ¶ 38. Other alterations are more substantive. Defendants have added allegations that Royal "voluntarily paid" when it settled the underlying case. Id. ¶¶ 40, 41. Further, they have added a paragraph stating that "Royal,

- 15 -

having not reserved its right to assert a defense to coverage prior to paying a portion of the Haan settlement demand, is now acting in bad faith" by suing Defendants Coachmen and Georgie Boy Manufacturing. *Id.* ¶ 42.

While unauthorized, none of these changes appear to prejudice Plaintiff. Certainly, removing a counterplaintiff could only work to Plaintiff's benefit. An assertion that the settlement was in some respect voluntarily entered into raises no new issues for discovery. It is also noted the Original Counterclaim alleged "Royal voluntarily agreed to pay the Haan's settlement demand." *Id*. ¶ 14; *see also id.* ¶ 36 (incorporating paragraphs 1-25 into the breach of fiduciary duty / bad faith count). The allegation noting Plaintiff's failure to reserve rights likewise introduces nothing new. *See*, *e.g.*, *id.* ¶ 11. Because no significant harm would result from permitting the amendments to current Count II, the Motion to Amend will be granted to the extent Count II may remain in its amended state. The Court expresses no opinion at this time as to Count II's legal sufficiency. In the Motion to Dismiss, Plaintiff has mounted a challenge to the count based only on Defendants' unauthorized modifications.

**E. Claims for Attorney's Fees, Punitive Damages, Etc.**

Plaintiff has moved to strike Defendants' "claims for attorney's fees, punitive damages, and 'interest', and . . . allegations regarding prior 'mediation'." Motion to Strike at 15; *see also id.* at 19-20. As Count II of the Counterclaim will be the sole count permitted to remain, only the allegations and relevant claims as contained therein (or in the introductory paragraphs of the Counterclaim) need be addressed.

**1) Attorney's Fees**

As Defendants note, *see* Memorandum in Opposition at 9, the Court has already addressed whether their claims for attorney's fees ought to be stricken. *See* R and R at 12. Plaintiff's new but unelaborated claim within the Motion to Strike that the request for attorney's fees should be stricken as all Counts "fail to state claims upon which relief can be granted," *id.* at 15-16, is not helpful. In its Motion to Dismiss, Plaintiff failed to develop any argument showing Count II does not state a claim. Likewise, a generic statement of failure to state a claim offered as a reason to strike the request, without explanation or citation to authority, clearly does not put the matter properly before the Court. Thus, the Motion to Strike will be denied with regard to the request for attorney's fees.

**2) Punitive Damages**

As with the request for attorney's fees, the Court has already considered whether Defendants' claim for punitive damages needs to be stricken. *See* R and R at 12. Plaintiff did not object to the R and R, nor did it move for reconsideration of the Order adopting it. It now essentially asks, in part, that the Court reconsider its earlier determination. *See* Motion to Strike at 16-17. The Court does not believe its original ruling was erroneous, so the Motion to Strike will not be granted on this ground.

Plaintiff also asserts "the circumstances alleged do not fall to the required level of egregious behavior contemplated by claims properly made for punitive damages as is required . . . ." *Id.* at 17. As with its statement that all counts fail to state claims, this assertion is made as if in passing and not developed into an

argument. Plaintiff does not discuss the factual allegations of any of the individual counts, yet as an alternative to its request to strike the claims for punitive damages, asks for summary judgment thereon. *See id.* Just as with the conclusory statement that all counts fail to state claims, the matter has not been properly placed before the Court.

**3) Interest**

The Court has already determined Defendants' "request for interest should be permitted to remain, because it does not confuse the issues or prejudice Plaintiff." R and R at 13. Plaintiff does not, in the Motion to Strike, persuade the Court it should reverse its position on this issue. The request for interest will be allowed to remain.

**4) "Mediation" Allegations**

Again Plaintiff is asking the Court to rule counter to the R and R. The two paragraphs in the Counterclaim it cites that mention mediation, 13 and 15, refer in general terms to Royal's participation in mediation. As the Court has already decided, references such as these are proper under the circumstances of this case. *See* R and R at 13.

**F) Plaintiff's Request for Attorney's Fees**

Royal seeks attorney's fees relating to its defense of Counts I and III. *See* Motion to Dismiss at 4, 8-9. The Court is persuaded, as set out above, that these counts should be dismissed. However, it is not of the view Defendants' attempts to cure them were frivolous such that an award of attorney's fees is required.

In accordance with the foregoing, it is hereby

**ORDERED:**

1) The Motion to Dismiss All Counts of June 25, 2004 Amended Counterclaim of Defendants (Doc. #366) is **GRANTED** to the extent Counts I and III are **DISMISSED** with prejudice and Counts IV and V are **STRICKEN** with prejudice. Only Count II remains. Plaintiff's request for attorney's fees contained within the Motion to Dismiss is **DENIED.**

2) Because every count as to which Plaintiff has moved for summary judgment has been dismissed or stricken, the Motion for Summary Judgment on Counts I, III, IV and V of Amended Counterclaim (Doc. #367) is **DENIED** as **MOOT**.

3) The Motion to Strike Certain Claims and Allegations (Doc. #368) is **DENIED** except to the extent rendered **MOOT** by the dismissal and striking of certain counts.

4) The Motion for Leave (Doc. #375) is **GRANTED** to the extent the Counterclaim (Doc. #360) shall remain on file and will serve as the pending counterclaim. However, only Count II is viable.

**DONE AND ORDERED** at Jacksonville, Florida this <u>12th</u> day of November, 2004.

/s/     Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any