UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROYAL SURPLUS LINES
INSURANCE COMPANY,

    Plaintiff,

v.                                     Case No. 3:01-cv-301-J-HTS

COACHMEN INDUSTRIES, INC.,
et al.,

    Defendants.
_____

**O R D E R**

This cause is before the Court on the following matters:

1. Defendants'/Counterplaintiffs' Motion for Attorneys' Fees and Costs (Doc. #438; Motion). The Motion is opposed. Royal's Memorandum in Opposition to Doc. #438, "January 20, 2005 Defendants'/Counterplaintiffs' Motion for Attorneys' Fees and Costs" and Alternative Request for Rule 54(d)(2)(C) "Adversary Submissions" and Discovery and Use of Case Management with Prayer for Attorney's Fees and Costs in Opposing Doc. #438 (Doc. #439; Opposition).

Defendants seek an award of attorneys' fees and costs "incurred in connection with this action since March 15, 2001[.]" Motion at 1. They rely on "Local Rule 4.18 of the U.S. District Court for the Middle District of Florida [(Local Rule(s)),] Rule

54(d) of the Federal Rules of Civil Procedure [(Rule(s)),] and § 627.428, Fla. Stat." *Id.* Local Rule 4.18 simply addresses the timing of claims, but Defendants cite the other two authorities as substantive bases for relief. *See, e.g.,* Motion at 2-4. The Court will address these putative grounds in turn, focusing first on entitlement to fees, then turning to costs.

**A. Fees Based on Rule 54(d)**

While Rule 54(d) touches upon entitlement to costs, its attorneys' fee provision concerns only procedural matters. Defendants actually seek to invoke the Court's inherent power to assess fees as a sanction. *See* Motion at 4-6. An argument might even be made Rule 54(d)'s procedures should not apply under such circumstances, since, as will be noted *infra*, Defendants' request is akin to a motion pursuant to Rule 11, and Rule 54(d) exempts such claims from its scope. *See* Rule 54(d)(2)(E).

The circumstances in which courts may invoke their inherent sanctioning power in order to shift fees are "'narrowly defined[.]'" *Chambers v. Nasco, Inc.*, 501 U.S. 32, 45 (1991) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980)). Defendants argue one such narrow ground, bad faith conduct by the opposing party, is present here and justifies an assessment of fees. Motion at 4-6.

According to the Supreme Court,

> a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. In this regard, if a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled, it may assess attorney's fees against the responsible party, as it may when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order. The

>     imposition of sanctions in this instance transcends a
>     court's equitable power concerning relations between the
>     parties and reaches a court's inherent power to police
>     itself[.]

*Chambers*, 501 U.S. at 45-46 (citations, quotation marks, and footnote omitted). As the High Court has noted, this justification "resembles . . . Rule 11's certification requirement . . . that a signer of a paper filed with the court warrant that the paper 'is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.'" *Id.* at 46 n.10. Sanctions along these lines are appropriate where counsel or a party has "willfully abuse[d] judicial processes." *Roadway Express, Inc.*, 447 U.S. at 766.

Courts considering the exercise of inherent powers must govern themselves "with restraint and discretion[,]" *id.* at 764, and sanctions should never "be assessed lightly[.]" *Id.* at 767. Although the standard to be applied "sounds very broad, in fact, one finds few cases in which a sanction on [the ground under consideration] has been actually upheld." *Taylor v. Teledyne Tech., Inc.*, 338 F. Supp. 2d 1323, 1368 (N.D. Ga. 2004).

Further, motions requesting "attorney's fees must be supported with proof of entitlement[.]" *Jones v. Credit Bureau of Greater Garden City, Inc.*, No. 87-1302-C, 1989 WL 134945, at *1 (D. Kan. Oct. 24, 1989); *cf. Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) (explaining court has required clear evidence justifying inherent power awards of fees); *Rico v. Am. Family Ins. Group,* No. Civ.A. 01-0435, 2002 WL 1906919, at *3 (E.D. La. Aug. 19, 2002) (finding defendants' motion for fees pursuant to Rule 37(c)(2) "failed to *establish* their entitlement") (emphasis added);

*Leach v. N. Telecom, Inc.*, 141 F.R.D. 420, 429 (E.D.N.C. 1991) (in Rule 11 context, "party moving for sanctions must demonstrate" underlying facts supporting penalty). Here, Defendants do not support their motion with any evidence. The Court is thus confronted merely with assertions. For instance, in regard to prelitigation conduct, they state that Royal, acting under false pretenses, "surreptitiously conducted an audit of Defendants' files." Motion at 5. Far more specificity and at least some proof of improper conduct would be required for the Court to invoke its inherent sanctioning powers.[1]

In regard to Plaintiff's "pursuit of Defendants in this litigation" after having failed to reserve its rights, Motion at 5, the Court recognizes an argument can be made a party's legal position is so untenable as to merit sanctions, without resort to the adducement of additional facts. However, while certainly the Court disagrees with Plaintiff's analysis of the waiver issue, it is not persuaded Royal's persisting in the litigation warrants the imposition of sanctions. Royal hints, with some justification, that there is not an abundance of legal authority addressed to the reservation of rights by insurers. *See* Opposition at 8. To the extent any area of law is not clearly settled and unassailably correct, there is room for good faith argument. Plaintiff's ultimately unsuccessful attempts to convince the Court no waiver

---

[1] As Defendants presented the same allegations previously in describing part of their now-dismissed counterclaim, *see* Defendants'/Counterplaintiffs' Memorandum of Law in Opposition to Plaintiff's/Counterdefendant's Application for Preliminary Hearing Before Trial on Defense of Failure to State a Claim Upon Which Relief Can be Granted (Doc. #423) at 4-5, 10-11, it is noted they have had ample time to try to support their motion with the requisite proof. Accordingly, the request for "oral argument/evidentiary hearing[,]" *id.* at 8, will be denied.

had occurred do not, by themselves, reveal "deliberate, overt and dishonest dealing[,]" as Defendants suggest. Motion at 5. That claims have been found subject to dismissal "does not mean they were frivolous" or otherwise improperly litigated. *Jackson v. Blue Dolphin Communications of N.C.*, 226 F. Supp. 2d 785, 795 (W.D.N.C. 2002).

### B. Fees Based on Florida Statute § 627.428(1)

Defendants claim section 627.428(1), Florida Statutes, applies to this case and entitles them to an award of attorneys' fees. Motion at 6-7. Nevertheless, section 627.401(2) plainly limits the subject provision's scope to cases where the insurance policy was delivered in Florida or issued for delivery in Florida. *See, e.g., Travelers Indem. Co. of Ill. v. Royal Oak Enterprises, Inc.*, 359 F. Supp. 2d. 1321, 1322-23 (M.D. Fla. 2005); *Oliva v. Pan Am. Life Ins. Co.*, 448 F.2d 217, 221 (5th Cir. 1971) (referring to essentially the same language previously found at section 627.01001(2)); *Gov't Employees Ins. Co. v. Grounds*, 311 So.2d 164, 169 (Fla. Dist. Ct. App. 1975). Plaintiff states, *see* Opposition at 11, 12, as the documentation on file appears to show, the relevant policy was issued for delivery outside Florida, and there is no indication the policy was intended for delivery in Florida. Consequently, Defendants[2] have not established Florida law entitles them to an award of attorneys' fees.

---

[2] As Plaintiff observes, *see* Opposition at 13, Defendant GAB Robins North America, Inc. (GAB) was not an insured. *See, e.g.*, Order (Doc. #32) at 4. Thus, as the Florida statute pertains only to insureds, GAB could not recover thereunder even if it were otherwise applicable.

**C. Costs**

Rule 54(d)(1) states "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Accordingly, courts possess discretion in awarding costs and "need not award costs if . . . it would be inequitable[.]" *Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 157 F.R.D. 13, 16 (E.D. Penn. 1994); *see also* 10 Charles Alan Wright, et al., Federal Practice and Procedure § 2668 (1998).

Initially, though, the clerk performs the taxing of costs. "In order to receive costs under Rule 54(d), a party must file a bill of costs with the clerk of court and it must be accompanied by affidavit . . . ." *In Re: Orthopedic Bone Screw Products Liab. Litig.*, No. MDL 1014, 1998 WL 633680, at *5 (E.D. Pa. Aug. 14, 1998); *see also Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988) (per curiam); *Brass Constr. v. Muller*, No. 98 CIV. 5452 MBMJCF, 2001 WL 1218377, at *1 (S.D.N.Y. Oct. 11, 2001) ("Any calculation of expenses is properly performed in the first instance by the Clerk of Court upon presentation of a bill of costs."); *U.S. Nineteen, Inc. v. Orange Co., Florida*, No. 99-1195-CIV-ORL-18B, 1999 WL 1336066, at *1 (M.D. Fla. Nov. 9, 1999) (noting motion for costs had been denied without prejudice to resubmission of "the request on the Clerk's form for taxation of costs"); *Sayers v. Stewart Sleep Center, Inc.*, 932 F. Supp. 1415, 1419 (M.D. Fla. 1996) (party "complied with Rule 54(d) and Local Rule 4.18 by filing a Bill of Costs . . . with the Clerk") (footnote omitted). In the present case, however, no bill of costs has been filed with the Clerk of the Court.

Further, even construing Local Rule 4.18 to permit claims for costs to bypass the Clerk, *cf. Smith v. Vaughn*, 171 F.R.D. 323, 327 (M.D. Fla. 1997) (apparently ruling on motion for taxation of costs without action by Clerk), Defendants cannot be apportioned costs. They have not in the Motion or in any filings supportive thereof submitted a detailed bill of costs such that the Court would be equipped to make an award. In their motion they assert "[a] complete bill of costs will be provided to Plaintiff's counsel," Motion at 1-2, but this is plainly insufficient for the Court's purposes. More than fourteen days have passed since the entry of judgment, *see* Local Rule 4.18, and Defendants have failed to file either a detailed, supported itemization of costs or a motion to extend the time for doing so. *Cf. Evans v. City of Neptune Beach*, No. 97-483-CIV-J-21-A, 1999 WL 462984, at *2 (M.D. Fla. 1999) (party could have filed motion to extend time for filing completed bills of costs).

Finally, assuming *arguendo* the issue of costs is adequately before the Court, Defendants are still not entitled to a recovery. Whereas Plaintiff lost on its claim, Defendants failed to succeed on any part of their counterclaim. Denying costs to both sides has been deemed proper where neither completely prevailed. *See, e.g.*, Wright, et al., § 2668 (citing cases denying fees wherein defendant counterclaimed and neither party won on its claim). Given the substantial portion of the litigation devoted to the Counterclaim and Amended Counterclaim and their demands for affirmative relief, no shifting of costs is determined appropriate in this case.

**D. Conclusion**

In light of the foregoing, the Motion (Doc. #438), along with its request for "oral argument/evidentiary hearing[,]" *id.* at 8, is **DENIED**. The request for fees and costs contained in the Opposition is also **DENIED**.

2. Plaintiff's/Counterdefendant's Motion for Attorneys' Fees and Costs (Doc. #445; Plaintiff's Motion). Plaintiff's Motion is opposed. Defendants'/Counterplaintiffs' Memorandum of Law in Opposition to Plaintiff's/Counterdefendant's Motion for Attorneys' Fees and Costs (Doc. #451).

Throughout its motion, Plaintiff bases its arguments concerning attorneys' fees primarily on the Court's dismissal of Defendants' claims. Nevertheless, the fact of dismissal alone is not sufficient to demonstrate Defendants engaged in sanctionable conduct. Upon consideration, Plaintiff's Motion, the substance of which has already in part been considered by the Court, *see* Order (Doc. #399) at 18 (denying request for fees relating to Royal's defense of Counts I and III of amended counterclaim); Order (Doc. #435) at 14-15 (denying fees associated with Plaintiff's defense of Count II of amended counterclaim and the count's predecessor), is **DENIED** as to its request for fees. For the same reasons articulated in the discussion of costs in paragraph 1, its demand therefor is **DENIED** as well.

3. Plaintiff's, Royal's, Motion to Strike January 20, 2005 Defendants' Motion for Attorneys' Fees and Costs (Doc. #438) and Coachmen's March 1, 2005 Notice of Filing (Doc. #447), and Rule 37(c) Motion to Bar Defendants' Use of Undisclosed "Legal

Department" and Richard Lavers Esq Time Records, Reserving Objections in the Event that Doc. #438 is Not Denied and Doc. #'s 438 and 447 Remain Pending After Disposition of this Motion to Strike (Doc. #459), which is **DENIED** as **MOOT** in view of paragraph 1.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of July, 2005.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
    *pro se* parties, if any